UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GHASSAN E. NADDOUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1096-B |
| | § | |
| NATIONSTAR MORTGAGE, LLC | § | |
| and HUGHES, WATTERS & | § | |
| ASKANASE, LLP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Nationstar Mortgage, LLC's and Hughes, Watters & Askanase, LLP's Motion for Summary Judgment (doc. 23). For the following reasons, the Court finds Defendants' Motion for Summary Judgment should be, and hereby is, **GRANTED**.

### I.

### BACKGROUND[1]

The present case involves events surrounding a home mortgage loan and subsequent foreclosure sale. Plaintiff Ghassan E. Naddour ("Plaintiff" or "Naddour") obtained a loan from Southwest Funding, LP ("Southwest") on October 13, 2006 for $242,100. Pl. Pet. ¶ 16. The promissory note ("the Note") was secured by a deed of trust ("Deed of Trust") conveying a security interest in the real property and improvements at 1300 Granada Court, Midlothian, Texas 76065

---

[1] The facts are derived from Plaintiff's state court petition, the parties' pleadings, and from the evidence contained in the summary judgment record. Unless characterized as a contention by one of the parties, these facts are undisputed.

1

("the Property"). Pl. Pet. ¶ 17; Def. M. Summ. J. 2. The original beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Southwest. Def. Ex. 1-B. The Note was immediately transferred to Overland Mortgage, LP and then to GMAC Bank. Def. Ex. 1-A. GMAC Bank then endorsed the note in blank and presented it to Defendant Nationstar Mortgage, LLC ("Nationstar") to service the loan. Def. M. Summ. J. 3; Def. Ex. 1-A. Plaintiff made regular payments for a while, the last of which was made on March 12, 2010. Def. M. Summ. J. 3. The loan then went into default and Nationstar referred the matter to Defendant law firm Hughes, Watters & Askanase, LLP ("HWA") for foreclosure proceedings. *Id.*

In August 2010, in response to the collection efforts by HWA, Plaintiff sent notices to Nationstar, HWA, Southwest, MERS, and others inquiring about the loan and seeking a validation of the debt. Pl. Pet. ¶ 22. On October 28, 2010, HWA validated Plaintiff's debt. Def. Ex. 2 and 2-A. After serving all required notices, the Property was sold in a non-judicial foreclosure sale to Federal National Mortgage Association ("FNMA") on December 7, 2010. Def. M. Summ. J. 3. A Substitute Trustee's Deed was executed that same day appointing members of HWA as substitute trustees for the foreclosure sale. Def. Ex. 1-E.

Naddour filed this lawsuit in the 40th Judicial District Court of Ellis County, Texas on March 24, 2011. Pl. Pet. 1. Proceeding *pro se*, Naddour brought claims styled as fraud, intentional infliction of emotional distress, "promissory note," and included a request for declaratory judgment in his favor as to the Defendant's foreclosure of his Property. Pl. Pet. 13-20. In addition to these articulated claims, Naddour included other vaguely worded causes of action. *See generally* Pl. Pet. After filing suit, Naddour recorded a notice of lis pendens in the Ellis County property records, effectively clouding FNMA's title to the Property. Def. Ex. 5.

2

Defendants removed the case to this Court based on federal question jurisdiction, as Plaintiff made allegations that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Pl. Pet. 4-6. This Court has jurisdiction over the federal question claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. § 1367.

Defendants now move the Court to grant summary judgment and to enter a take nothing judgment in their favor as to all of Plaintiff's claims, as well as to expunge the lis pendens filed by Plaintiff. The briefing for Defendants' Motion for Summary Judgment is complete and ripe for decision.

## II.

## LEGAL STANDARD

*A.    Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the nonmovant bears the burden of proof at trial, the movant need not support its motion with evidence negating the nonmovant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence

3

to support an essential element of the nonmovant's case. *Id*; *Little,* 37 F.3d at 1075.

Once the movant has met its burden, the nonmovant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the nonmoving party must go beyond the mere pleadings and "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed R. Civ. P. 56(e)); *see Celotex*, 477 U.S. at 324. The evidence presented by the nonmovant must "support each essential element of its claims on which it will bear the burden of proof at trial." *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the nonmovant. *Id.*

B.   *Pro Se Litigants*

Plaintiff is a *pro se* litigant. In *Bookman v. Shubzda*, the district court noted that "[a]lthough a *pro se* litigant's response to a motion for summary judgment must be read liberally, she is not, as the party with the burden of proof, excused from the requirement that she set forth specific facts supporting her claim." 945 F. Supp. 999, 1004 (N.D. Tex. 1996) (citations omitted). While the Court may accommodate *pro se* litigants to a certain extent, "[t]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Id.* at 1005. With that in mind, the Court addresses the merits of Defendants' Motion.

4

III.

ANALYSIS

A.  *Fraud*

The Court first turns to Plaintiff's fraud claims. Plaintiff alleges that Nationstar misrepresented owning the Note and its ability to enforce the Note. Pl. Resp. 9. Plaintiff maintains that he sent letters to the Defendants asking for a validation of the debt owed with no response. Pl. Resp. 9. Plaintiff claims that because of this failure there was a misrepresentation constituting fraud. *Id.* Plaintiff also claims that the "securitization" of the Note deprived both the Note and the Deed of Trust of any meaning. Pl. Pet. ¶ 61.

Under Texas law, the elements of fraud are:

> 1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768, 774 (Tex. 2009). Fraud must be plead with particularity, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Plaintiff's fraud claims fail on their face because he has failed to plead fraud with the particularity that is required. *See id.* Assuming, *arguendo*, that Plaintiff had alleged fraud with sufficient particularity, the fraud claims fail nonetheless because Plaintiff has not demonstrated a representation that was false. Defendants present evidence that Nationstar did in fact own the Note. Defendants' exhibit 1 and exhibit 1-A demonstrate that Nationstar possessed the Note, endorsed

5

in blank, from December 2008 forward. When a note is endorsed in blank, it becomes "payable to [the] bearer and may be negotiated by transfer of possession alone." Tex. Bus. & Comm. Code § 3.205(b). The "holder" of a negotiable mortgage note is "the person in possession of [the mortgage note] that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Comm. Code § 1.201(b)(21). Because Nationstar possessed the endorsed-in-blank Note at all relevant times, Nationstar was the holder of the Note and was entitled to enforce it as a matter of law.

Plaintiff offers no evidence to contradict Defendants' summary judgment evidence, but instead redirects the Court to his allegations that Nationstar did not properly respond to Plaintiff's requests for debt validation. Pl. Resp. 9. While failure to validate the debt may constitute a separate cause of action aside from the alleged fraud, Defendants again are able to meet Plaintiff's challenge. Defendants offer evidence that Nationstar did in fact validate Plaintiff's debt. Def Ex. 2-A. Attached to the debt validation letter sent by HWA was Plaintiff's Deed of Trust and other documents evidencing the loan. *Id.* Plaintiff does not respond with any summary judgment evidence to raise a genuine issue of material fact as to an alleged misrepresentation or to the alleged failure to validate the debt.

Plaintiff's theory that the "securitization" of the loan deprives both the Note and the Deed of Trust of any power is not grounded in law. It appears that Plaintiff is attempting to put forth the "split the note" theory, alleging that because MERS held the Deed of Trust but not the Note, the Note is no longer secured and the Deed of Trust is thus null. *See* Pl. Pet. ¶¶ 85-94.

According to numerous Texas courts, "no cause of action exists on this 'split the note' theory as a matter of law." *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-cv-1363, 2011 WL 7068386,

6

at *2 (N.D. Tex. Nov. 28, 2011); *See also Jackson v. Fed. Home Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *2 (N.D.Tex. Sept.1, 2011) (McBryde, J.); *Defranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-455-Y, 2011 WL 3875338, at *4–*5 (holding "there is no merit to Plaintiffs' argument that the deed of trust and note were 'split,' rendering any attempted foreclosure defective."). MERS's presence in the chain of title does not invalidate the Note nor the Deed of Trust. Therefore, because the assignment of the Note was proper under Texas law, the Deed of Trust and right to foreclose followed the Note, giving Nationstar and its agent HWA the power to foreclose on the Property.

In summary, Defendants have met their burden as to Plaintiff's fraud claims by demonstrating there is no genuine dispute regarding a material fact. *See* Fed. R. Civ. P. 56(a). At summary judgment, the non-moving party must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Plaintiff's fraud claims fail because Plaintiff offers no summary judgment evidence of a misrepresentation upon which a claim of fraud may be predicated, nor any factual or legal support for his "securitization" theory. The Court therefore **GRANTS** summary judgment for Defendants as to Plaintiff's fraud claims.[2]

B.      *Fair Debt Collection Practices Act Claim*

The purpose of the Fair Debt Collection Practices Act ("FDCPA") is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

---

[2]Plaintiff claims that because of the fraud perpetrated by the Defendants, the causes of action for intentional infliction of emotional distress and "promissory note" survive. Pl. Resp. 13. Despite the Court granting Summary Judgment for Defendants on Plaintiff's fraud claims, thus undercutting Plaintiff's primary argument for his remaining claims, the Court will address each of Naddour's claims in turn, including those causes of action that were not specifically enumerated as independent causes of action.

7

consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiff alleges Defendants violated the FDCPA by failing to comply with the numerous debt validation requests Plaintiff sent to Defendants. Pl. Pet. ¶¶ 97-99; Pl. Pet. Ex. 1-12. As explained above, Defendants' exhibits 2 and 2-A show that HWA validated Plaintiff's debt via letter dated October 28, 2010 and Defendants' Exhibits 3 and 4 show confirmed delivery of the letter both at the Property address and Naddour's address in Laguna Hills, California. Plaintiff fails to direct the Court to any evidence in support of his position that the debt was not validated. Therefore, summary judgment for Defendants is proper and hereby **GRANTED** regarding Plaintiff's FDCPA claims.

C.     *RESPA Claim*

Relying on the same allegations grounding the FDCPA claim, and still no summary judgment evidence, Plaintiff claims Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by not properly answering his qualified written requests to validate the Loan. Pl. Pet. ¶ 25.

The primary purpose of RESPA is to provide consumers with information on the nature and costs of the real estate settlement process and to protect consumers from abusive, high settlement costs. 12 U.S.C. § 2601(a). But RESPA also applies to the servicing of federally related mortgage loans. 12 U.S.C. § 2605(a). If a servicer of a federally related mortgage loan receives a qualified written request for information about the loan from the borrower, the servicer must acknowledge receipt of the correspondence within twenty days and provide the borrower with an explanation or clarification regarding the loan within sixty days. 12 U.S.C. §§ 2605(e)(1-2).

Defendants offer exhibits 2, 2-A, 3, and 4 as proof that, in accordance with RESPA, an explanation of the Loan was delivered to Plaintiff. Plaintiff fails to direct the Court to any contrary evidence and therefore summary judgment is **GRANTED** for Defendants regarding Plaintiff's

RESPA claim.

D.   *Truth in Lending and Regulation Z Claim*

Plaintiff also claims Defendants violated the Truth in Lending Act ("TILA"), stating that Plaintiff has a right to cancel the loan because proper procedures were not followed and proper disclosures were not provided. Specifically, Plaintiff alleges that Defendants failed to answer the written request to provide the contact information for the current servicer of the loan. Pl. Pet. ¶ 25.

TILA's purpose is to "promote the informed use of consumer credit by requiring disclosures about its terms and costs." 12 C.F.R. § 226.1(b) (Regulation Z). TILA, as implemented by Regulation Z, gives consumers the "right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling." *Id.* The statute of limitations on the obligor consumer's right of cancellation is "three years after the date of the consummation of the transaction... notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f).

It is undisputed that the consummation of the loan took place on October 13, 2006. Pl. Pet. ¶ 16. Thus, Plaintiff's right of cancellation, or recission, expired on October 13, 2009, regardless of what disclosures were or were not made to Plaintiff around the time of the loan transaction. *See* 15 U.S.C. § 1635(f). Plaintiff did not bring the present action until March 19, 2011. Therefore, summary judgment is warranted and is hereby **GRANTED** based on the expiration of the statute of limitations as to Plaintiff's TILA claim.

E.     *"Promissory Note"*[3]

Plaintiff's claim under the heading "Promissory Note" challenges Defendants' ability to foreclose on the Property. Plaintiff, in a reprise of his fraud claim, alleges that Nationstar never had possession of the Note and never had a perfected security interest. Pl. Pet. ¶¶ 116, 131; Pl. Resp. 10, 14-15. Plaintiff alleges that MERS had no proper interest in the Note or the Deed of Trust and therefore could not transfer any interest in the Property. Pl. Pet. ¶ 86; Pl. Resp. 10. To support this argument, Plaintiff claims the note originally payable to Southwest was never endorsed. Pl. Pet. ¶ 77-79. Plaintiff further claims there is no evidence Southwest ever assigned its interest to Nationstar, that HWA never had authority to pursue foreclosure, and that there was never a substitution of trustee making HWA an agent for Nationstar's collection efforts. Pl. Pet. ¶¶ 92-94. Thus, Plaintiff claims the foreclosure was wrongful. Plaintiff does not offer any summary judgment evidence, nor does Plaintiff direct the Court's attention to any evidence beyond his bare pleadings.

Defendants retort that Nationstar was in possession of the endorsed-in-blank note at all relevant times and thus did have a perfected security interest. Def. Ex. 1 and 1-A. As to Plaintiff's convoluted argument involving MERS, again, the Note originally made payable to Southwest was subsequently assigned and endorsed in blank. Def. Ex. 1-A. Defendants also offer exhibit 1-E as the Substitute Trustee's Deed, authorizing HWA as Nationstar's agent for the foreclosure proceedings.

Plaintiff's "Promissory Note" claim incorrectly assumes a non-judicial foreclosure must follow the enforcement procedures of a non-mortgage related promissory note. *See Rearden v. CitiMortgage,*

---

[3] Plaintiff puts forth the "show-me-the-note" theory that has been roundly criticized by federal courts in Texas. *See Islamic Ass'n of Desoto, Texas, Inc. v. MERS*, No. 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012) (collecting cases criticizing both the "show-me-the-note" and "wet-ink note" theories); *Rearden v. CitiMortgage, Inc.*, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011).

*Inc.*, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). Nonetheless, the Court examines Plaintiff's argument and finds Defendant has met even the more stringent requirements of enforcement of a promissory note.

To recover on a promissory note in Texas, the obligee must establish: (1) the existence of the note in question, (2) that the borrower signed the note, (3) that the person or entity who wants to enforce the note is the legal owner and holder of the note, and (4) that a certain balance is due and owing under the note. *Scott v. Commercial Servs. of Perry, Inc.*, 121 S.W.3d 26 (Tex.App.-Tyler 2003, pet denied). Here, Defendants have satisfied each of the four elements. The Note signed by Naddour satisfies the first two elements. Def. Ex. 1-A. The third element is satisfied because Nationstar was in rightful possession of the endorsed-in-blank Note, and thus a holder. Def. Ex. 1-A. Fourth, the payment history and notice of default show a certain balance was due. Def. Ex 1-C and Def. Ex. 1-D.

Defendant met its summary judgment burden and Plaintiff has failed to demonstrate a genuine issue of material fact, or even a cognizable claim, under his "Promissory Note" cause of action. Therefore, summary judgment is **GRANTED** for Defendants as to Plaintiff's "Promissory Note" claim.

F.    *Intentional Infliction of Emotional Distress*

Plaintiff alleges that Defendants intentionally, or with reckless disregard, harassed Plaintiff with notices of the foreclosure proceeding. Pl. Pet ¶ 108. Plaintiff further alleges that Nationstar knew or should have known the acts would cause severe emotional distress. *Id.* Finally, Plaintiff alleges that Nationstar acted outrageously by sending agents to the Property to inform the tenants to stop paying rent to Plaintiff because he no longer owned the property. Pl. Pet. ¶ 110.

Under Texas law, intentional infliction of emotional distress is comprised of four elements:


(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused emotional distress; and (4) the emotional distress was severe. *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 795-796 (Tex. 2006). "A defendant's conduct satisfies the second element only if it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 796 (citations and quotations omitted).

The Court concludes that Defendants' acts, as alleged by Plaintiff, are not so outrageous in character to go beyond all bounds of decency and no reasonable jury could so find. Thus, there is no genuine issue of material fact as to Plaintiff's claim of intentional infliction of emotional distress and summary judgment for Defendants is proper and hereby **GRANTED.**

G.     *Other Arguments made by Plaintiff*

i.     Summary Judgment Non Conforming

In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff draws the Court's attention to the fact that Defendants' Motion does not conform with Local Rule 7.1. The argument is easily dismissed as a matter within the sound discretion of the Court. In this case, the Court has allowed the pleadings and there is no remedy available to Plaintiff on this ground.

ii.     Discovery as Standard for Summary Judgment

Plaintiff claims that because Defendants had not finished discovery, Defendants' filing of a motion for summary judgment was not proper. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Therefore, Defendants were well within the rules when they filed this Motion and Plaintiff's argument has no merit.

*H.     Declaratory Judgment*

Plaintiff seeks a declaratory judgment that Nationstar is not the owner of the Note and thus was not authorized to foreclose on the Property. Pl. Pet. ¶¶ 102-106. Plaintiff also seeks a declaratory judgment that Nationstar cannot prove any ownership in the Property and that Plaintiff owns the Property free and clear of any interest from Defendants. Pl. Pet. ¶¶ 104-106; Pl. Resp.13. Plaintiff offers no additional evidence, instead resting on the allegations above.

A declaratory judgment is only a procedural device for granting a remedy; "it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 752 (5th Cir. 1996). A declaratory judgment action requires the existence of a present justiciable controversy. *Bell v. Bank of America Home Loan Servicing, LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). Thus, because all of Plaintiff's substantive claims fail, Plaintiff's request for a declaratory judgment is hereby **DENIED**.

*I.     Lis Pendens*

Plaintiff filed a lis pendens based on this action, effectively clouding the title to the Property. Under the Texas Property Code, "[t]he court shall order the notice of lis pendens expunged if the court determines that: ... (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." Tex. Prop. Code § 12.0071(c). Here, the Court's ruling on Defendants' Motion for Summary Judgment disposes of all of Plaintiff's claims and therefore Plaintiff has failed to establish any validity to his real property claim. Thus, the notice of lis pendens should be **EXPUNGED**.[4]

---

[4] To avoid confusion, the Court's determination that the lis pendens should be expunged is not to be read itself as an order of expungement. To obtain the expungement, the Defendants must comply with

IV.

CONCLUSION

For the foregoing reasons, the Court finds that Defendants met their burden and Plaintiff has failed to put forth summary judgment evidence to create a genuine issue of material fact with respect to any of his claims. Accordingly, the Court finds Defendants' Motion for Summary Judgment should be, and hereby is, **GRANTED in its entirety, with prejudice**. In addition, the notice of lis pendens on the Property is hereby **EXPUNGED**.

**SO ORDERED.**

**SIGNED September 27, 2012.**

                                             **JANE J. BOYLE**
                                             **UNITED STATES DISTRICT JUDGE**

---

the appropriate provisions of the Texas Property Code.